United States District Court
Southern District of Texas
ENTERED
April 27, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRELL LEE HALL, TDCJ #1330580, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-18-1321 |
| BRYAN COLLIER, et al., | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Plaintiff Darrell Lee Hall (TDCJ #1330580) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). After reviewing all of the pleadings and Hall's litigation history, the court will deny him leave to proceed in forma pauperis and will dismiss this case for the reasons explained briefly below.

Because Hall is incarcerated, this case is governed by the Prison Litigation Reform Act (the "PLRA"), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding in forma pauperis. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous,

malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Adepegba, 103 F.3d at 385.

A national case index reflects that, while incarcerated, Hall has filed at least three other civil actions and an appeal in federal court that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. See Hall v. Johnson, et al., Civil No. 2:96-280 (N.D. Tex. (April 26, 1999); Hall v. Sanchez, et al., Civil No. H-13-1993 (S.D. Tex. Aug. 2, 2013); Hall v. Sanchez, et al., Appeal No. 13-20450 (5th Cir. July 11, 2014); and Hall v. Lumpkins, et al., Civil No. G-11-0515 (S.D. Tex. May 6, 2015).[1] Because Hall has more than three strikes against him, he may not proceed as a pauper unless he fits within the statutory exception found in § 1915(g).

To fit within the exception to the three-strikes rule, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time he seeks to file his complaint. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). In this case,

---

[1]Although the form Complaint asked Hall to disclose his previous lawsuits, he neglects to mention any of these dismissals. See Complaint, Docket Entry No. 1, p. 2. The court was able to attribute all of these cases to Hall by matching his current and former prisoner identification numbers, which are listed on his TDCJ Inmate Trust Account Statement, with court records. See Docket Entry No. 3, p. 1. In doing so, the court notes that Hall has also been sanctioned for abusive litigation practices in connection with a federal habeas corpus proceeding. See In re: Darrell Lee Hall, No. 14-20677 (5th Cir. Jan. 21, 2015)(imposing a monetary sanction of $100, which has been paid).

Hall claims that he has been denied Halal or kosher meals free of charge, which substantially burdens the exercise of his Muslim faith in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). See Complaint, Docket Entry No. 1, pp. 5-6. He does not allege facts showing that he is in imminent danger of serious physical injury. Because Hall has not alleged facts showing that he fits within the exception to the three-strikes rule, the court concludes that he is not entitled to proceed without prepayment of the filing fee pursuant to § 1915(g).

Accordingly, the court **ORDERS** as follows:

1. Plaintiff Darrell Lee Hall's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED.**

2. This action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

3. Plaintiff may refile his Complaint if he pays the filing fee ($400.00) in full.

**The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 27th day of April, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE